McPherson *v.* McPherson.

5-1498                                                          311 S. W. 2d 535

Opinion delivered March 24, 1958.
[Rehearing denied April 21, 1958]

*W. H. Howard, John D. Eldridge, Jr.,* and *George P. Eldridge,* for appellant.

*Wm. M. Moorhead* and *James A. Ross,* for appellee.

Ed. F. McFaddin, Associate Justice. This is a divorce case: Mrs. McPherson was plaintiff and Mr. McPherson was defendant. She alleged indignities and cruelty as grounds for divorce. Mr. McPherson filed a cross-complaint, but later withdrew it and sought a reconciliation. At the request of both sides the Trial Court heard the evidence in the absence of spectators;

and we have concluded to likewise draw the veil of judicial silence on the evidence. The parties have been married for many years and have a family of three children.

In denying Mrs. McPherson's divorce the Chancellor wrote a lengthy opinion, explaining that the evidence offered by her was not sufficiently corroborated to justify the Court in granting a divorce. It was evidently thought by the Chancellor that the parties might effect a reconciliation. In the opinion the Chancellor said of Mrs. McPherson: "She presents the appearance of a person who is not physically well and not able to stand the strain of court room tension."

According to the evidence Mr. McPherson does not appear to have been free of fault; but we treat his offer of reconciliation as "tolling the fault"; so that if there should be no reconciliation and another suit should arise, then the refusal of a divorce in this case would not preclude Mrs. McPherson from showing, in the subsequent litigation, the same facts, as herein, not only as to the divorce but also as to property rights. Under such conditions, we affirm the decree of the Chancery Court, which denied Mrs. McPherson a divorce on the evidence in this record.

The Chancery Court awarded Mrs. McPherson $250 per month for support of herself and her 12-year-old daughter. We conclude that Mrs. McPherson is entitled to support money of $500.00 per month for herself and her daughter, and that this increase in amount should begin with the date of this opinion and continue until the Chancery Court finds that there is a change in circumstances. To this extent, we modify the decree here involved. We also conclude that Mrs. McPherson is entitled to $500.00 additional attorney's fee for this appeal, and to all costs of all courts.

The decree is, therefore, affirmed in part and modified in part; and the cause is remanded to re-invest the Chancery Court with jurisdiction.